UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FERNANDO MARRERO,

          Petitioner,

                                          CASE NO. 2:06-CV-13953
v.                                      HONORABLE DENISE PAGE HOOD

JEFF WHITE,

          Respondent.
                                     /

**OPINION AND ORDER GRANTING CERTIFICATE OF APPEALABILITY ON CLAIMS VII AND IX AND DENYING CERTIFICATE OF APPEALABILITY AS TO REMAINING CLAIMS AND GRANTING PETITIONER'S APPLICATION TO PROCEED WITH AN APPEAL IN FORMA PAUPERIS**

Petitioner Fernando Marrero, a state inmate currently incarcerated at the Ojibway Correctional Facility in Marenisco, Michigan, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254. On September 28, 2009, the court denied the petition. Petitioner has now filed a Notice of Appeal, a Motion for Certificate of Appealability and an Application to Proceed with An Appeal In Forma Pauperis.

Before a petitioner may appeal a court's dispositive decision denying a petition for a writ of habeas corpus, a certificate of appealability must issue. 28 U.S.C. § 2253(c)(1)(A); Fed. R. App. P. 22(b). The district court must either issue a certificate of appealability indicating the issues that satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b); *In re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th

Cir. 1997).

When a habeas petitioner seeks permission to initiate appellate review of the dismissal of a petition, a federal court should limit its examination to a threshold inquiry into the underlying merit of his claims. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003). A certificate of appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

In his habeas petition, Petitioner argued that he is entitled to habeas relief because his guilty plea was not voluntary or knowing (Claims I, II, III); his trial counsel was constitutionally ineffective (Claims IV, V, VI, VII); his double jeopardy protections were violated (Claim VIII); his appellate counsel was constitutionally ineffective (Claim IX); and the trial court's delay in appointing appellate counsel violated *Halbert v. Michigan*, 545 U.S. 605 (2005) (Claim X). This court denied habeas relief to Petitioner for the reasons set forth in the September 28, 2009 opinion.

The court concludes that reasonable jurists could debate the court's assessment of the Petitioner's claim that trial counsel labored under a conflict of interest that prevented him from providing constitutionally adequate assistance (Claim VII). This Court concluded that Petitioner had not demonstrated that there was a conflict of interest which adversely affected his trial counsel's performance. However, reasonable jurists could debate this conclusion.

Additionally, the court concludes that reasonable jurists could debate the court's assessment of the Petitioner's claim that his appellate counsel was constitutionally ineffective (Claim IX). Petitioner's appellate counsel failed to file a timely application for leave to appeal. This court found

that Petitioner failed to establish prejudice under *Strickland v. Washington*, 466 U.S. 668 (1984), in part because he was not entitled to the presumption of prejudice afforded by *Roe v. Flores-Ortega*, 528 U.S. 470, 484 (2000).  The entitlement hinges on whether the failure to timely file an appeal rendered "the proceeding presumptively unreliable or entirely nonexistent" if the result of that failure was a post-conviction motion in lieu of a discretionary appeal.  The court concluded that appellate counsel's failure did not render "the proceeding presumptively unreliable or entirely nonexistent" under *Roe*.  However, the court believes that reasonable jurists could debate this conclusion as evidenced by conflicting decisions on this issue in this district.

The court finds that as to the remaining claims, reasonable jurists could not debate the court's conclusion that the petition does not present any claim upon which habeas relief may be granted because the state court decisions were entirely consistent with federal law as established by the United States Supreme Court, and were not based upon an unreasonable determination of the facts in light of the evidence presented.  *Dockins v. Hines,* 374 F.3d 935, 938 (10th Cir. 2004) (AEDPA deferential review of state court decisions is incorporated into consideration of request for certificate of appealability); *see also Miller-El*, 537 U.S. at 336 ("We look to the District Court's application of AEDPA to petitioner's constitutional claims and ask whether that resolution was debatable amongst jurists of reason.").

Petitioner has filed an Application to Proceed with an Appeal in forma pauperis.  Under 28 U.S.C. § 1915(a)(3), an appeal may not be taken in forma pauperis if the court determines that it is not taken in good faith.  The standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith.  *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000).  "[T]o determine that an appeal is in good faith, a court need

only find that a reasonable person could suppose that the appeal has some merit." *Id.* at 632. The court finds that an appeal may be taken in good faith. The court, therefore, will grant the Application to Proceed with an Appeal In Forma Pauperis.

Accordingly, the court GRANTS a Certificate of Appealability as to Claims VII and IX and GRANTS the Application to Proceed with an Appeal *In Forma Pauperis*.

**SO ORDERED.**

                                          S/Denise Page Hood
                                          Denise Page Hood
                                          United States District Judge

Dated: January 28, 2010

I hereby certify that a copy of the foregoing document was served upon Fernando Marrero, Reg. No. 177839, G. Robert Cotton Correctional Facility, 3510 N. Elm St., Jackson, MI 49201 and counsel of record on January 28, 2010, by electronic and/or ordinary mail.

                                          S/William F. Lewis
                                          Case Manager